JERUSALEM F. BELIGAN (SBN 211258)
jbeligan@beliganlawgroup.com
LEAH M. BELIGAN (SBN 250834)
lbeligan@beliganlawgroup.com
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Suite 333
Newport Beach, California 92612
Telephone: (949) 224-3881

TYLER D. KRING (SBN 325588)
tkring@kringandchung.com
JEFFREY T. GREEN (SBN 330065)
jgreen@kringandchung.com
**KRING & CHUNG, LLP**
38 Corporate Park
Irvine, California 92606
Telephone: (949) 261-7700
Facsimile: (949) 261-8800

Attorneys for Plaintiffs and Putative Classes

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

LESLIE WALLING; CHANDRA LEE HALUCZAK; TRAVIS SMITH; individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

PLAZA HOME MORTGAGE, INC., a California corporation; and DOES 1 to 10, inclusive,

Defendants.

Case No. **'24 CV 1787 RSH DDL**

**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**

**FLSA Collective Action**

1. **THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201-219, C.F.R. § 531.35);**

**FRCP 23 Class Action (State-Law Claims)**

2. **CALIFORNIA LABOR CODES AND BUSINESS & PROFESSIONS CODE (Cal. Lab. Codes §§ 201-203, 221, 224, 226, 227.3, 226.7, 510, 512, 1174, 1194, 2802, Cal. Bus. & Prof. Code §§ 17200, *et seq*.); and**

3. **ILLINOIS WAGE LAWS (820 ILCSv105/1, *et seq*., 820 ILCS § 115/1 *et seq*.).**

**DEMAND FOR JURY TRIAL**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiffs Leslie Walling ("California Plaintiff"), Chandra Lee Haluczak ("Illinois Plaintiff"), and Travis Smith (collectively, "Plaintiffs"), by and through their undersigned attorneys, bring this complaint on behalf of themselves and all others similarly situated ("Complaint"), based upon personal knowledge as to themselves and their activities, and on information and belief as to all other matters, against defendant Plaza Home Mortgage, Inc. (collectively with all Doe defendants, "Plaza" or "Defendants"), and allege as follows:

## I.    **INTRODUCTION**

1.    This Complaint is brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and a class action under the Fed. R. Civ. P. 23 ("Rule 23"). The claims in the Complaint are brought under the following federal and state statutes: (1) the FLSA; (2) Illinois Compiled Statutes ("ILCS"), 820 ILCS 105/1 and 820 ILCS 115/1; (3) California Labor Code § 201-203, 204, 210, 226, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and 2802; Industrial Welfare Commission Order No. 4-2001 ("Wage Order No. 4"); and (4) California Business & Profession § 17200, *et seq*. (the "UCL"). The claims are premised on Plaza's failure to pay Plaintiffs and other similarly-situated employees all earned minimum and overtime wages, failure to provide compliant meal-and-rest periods, failure to furnish accurate wage statements, failure to reimburse employees for reasonable and necessary business expenses, failure to pay all earned wages due upon separation, and violations of the UCL. As alleged in more detail below, the members of the FLSA Collective consists of employees who worked for Plaza from three years prior to the date of this Complaint to the present (the "FLSA Collective Members"). The members of the Rule 23 Illinois Class consist of employees who worked for Plaza from three years prior to the date the initial complaint was filed to the present (the "Rule 23 Illinois Class Members" or "Illinois Class") and the Rule 23 California Class consists of

**COLLECTIVE AND CLASS ACTION COMPLAINT**

employees who worked for Plaza from four years prior to the date this Complaint was filed to the present (the "Rule 23 California Class Members" or "California Class").

2.      Plaintiffs, the FLSA Collective Members and the Rule 23 Class Members are current and former employees of Plaza. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Account Executives or similarly titled positions (also referred to as the "Covered Positions") of Plaza.[1]

3.      The FLSA Collective Members are all current and former Account Executives, or other similarly titled employees, who were employed by Plaza in the United States starting three years before the initial complaint was filed, up to the present.[2] The proposed class representatives for the FLSA Collective Class are all Plaintiffs.

4.      The Rule 23 Illinois Class Members are all current and former Account Executives, or other similarly titled employees, who were employed by Plaza within the state of Illinois starting three years before this Complaint was filed, up to the present. Plaintiff Haluczak is the proposed class representative for the Rule 23 Illinois Class.

5.      The Rule 23 California Class Members are all current and former Account Executives, or other similarly titled employees, who were employed by Plaza within the state of California starting four years before the initial complaint

---

[1] For purposes of this Complaint, "Account Executives" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiffs and the putative classes, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

[2] As defined throughout this Complaint, the term FLSA Collective Members does not include employees in Puerto Rico and is intended to include only employees in the 50 states.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

was filed, up to the present. Plaintiff Walling is the proposed class representative for the Rule 23 California Class.

6.    Under the FLSA, Illinois law and California law, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working over 40 hours in a workweek. Plaza failed to pay Plaintiffs, the FLSA Collective Members and the Rule 23 Class Members one and one-half times their regular rate of pay for all time they spent working over 40 hours in a workweek. Plaintiffs therefore bring this Complaint as an FLSA Collective Class under 29 U.S.C. § 216(b) for Plaza's violation of the FLSA and as a Rule 23 Illinois Class and Rule 23 California Class for Plaza's violation of Illinois and California law as detailed further below.

7.    In addition to the minimum protections of the FLSA, California law requires employers to pay non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working over 8 hours in a day.

8.    The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id*. Plaza violated the FLSA by requiring Plaintiffs and the FLSA Collective Members to use their personal cell phones and to provide the internet services necessary to complete their job duties for Plaza while failing

**COLLECTIVE AND CLASS ACTION COMPLAINT**

to reimburse Plaintiffs, the FLSA Collective Members, for the costs of same.

9.    Under California law and Wage Order No. 4, Plaza is required to pay Plaintiff Walling and Rule 23 California Class Members an hourly wage for each and every hour worked. *See* Cal. Lab. Code §§ 200, 204, 1194, and 1198. Plaintiff Walling and Rule 23 California Class Members regularly and consistently worked before and after their shifts, and during their meal periods, for which they were not paid an hourly wage in violation of California Law.

10.    Under California law and Wage Order No. 4, "[a]ny work in excess of [8] hours in one workday and any work in excess of 40 hours in any one workweek and the first [8] hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See* Cal. Lab. Code § 510(a). Further, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." *Id*. Plaintiff Walling and Rule 23 California Class Members regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week for which they were not paid one and one-half times or double their regular rate of pay.

11.    Under California law and Wage Order No. 4, Plaza is required to provide Plaintiff Walling and Rule 23 California Class Members compliant meal periods. *See* Cal. Lab. Code §§ 226.6, 512; *see also* Wage Order No. 4, § 11. California law also requires Plaza to pay Plaintiff Walling and Rule 23 California Class Members premium wages (at their regular rate of pay) when Plaza fails to provide them compliant meal periods. Plaza violated California law by failing to provide Plaintiff Walling and Rule 23 California Class Members off-duty,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked. Plaintiff Walling and Rule 23 California Class Members regularly and consistently worked over 5 and 10 hours a day and were unable to take a first meal period or second meal period when they worked more than 10 hours in a day. On other occasions, Plaintiff Walling's and Rule 23 California Class Members' meal periods were cut short of 30 minutes, interrupted, or taken late. On other occasions, Plaintiff Walling and California Class Members worked through their meal periods, but were neither paid an hourly wage for the time worked (as alleged above), nor were they paid a premium wage.

12.    Under California law and Wage Order No. 4, Plaza is required to provide Plaintiff Walling and Rule 23 California Class Members compliant rest periods of at least 10 minutes, free from employer control, for every 4 hours worked or major fraction thereof. *See* Cal. Lab. Code § 226.7; *see also* Wage Order No. 4, § 12. Plaza violated California law by not providing Plaintiff Walling and Rule 23 California Class Members with 10-minute rest periods for every four hours worked or major fraction thereof. Plaintiff Walling's and Rule 23 California Class Members' rest breaks were regularly and consistently interrupted, less than 10 minutes, and/or not duty free. Plaintiff Walling and Rule 23 California Class Members were not paid a premium wage (at their regular rate of pay) for these rest-period violations.

13.    Under California law, Plaza is required to provide Plaintiff Walling and Rule 23 California Class Members, "semimonthly or at the time of each payment of wages," with accurate wage statements showing, among other things: "(1) gross wages earned, (2) total hours worked by the employee…, [3] net wages earned, … [4] the name and address of the legal entity that is the employer…, and [5] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…"

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Cal. Lab. Code § 226(a). By failing to, among other things, include all hours worked in the wage statements, failing to accurately reflect all wages earned, and failing to include premium wages for meal-and-rest period violations, Plaza knowingly and intentionally failed to provide Plaintiff Walling and Rule 23 California Class Members with accurate wage statements. *See Naranjo v. Spectrum Security Services, Inc*., 15 Cal.5th 93 (2022).

14.    Under California law, Plaza is required to adequately indemnify Plaintiff Walling and Rule 23 California Class Members for employment-related business expenses. *See* Cal. Lab. Code § 2802. As alleged above, Plaintiff Walling and Rule 23 California Class Members were required to provide personal cell phones, high-speed internet connection and increased bandwidth speed, which were expenses necessary to complete their job duties for Plaza. Plaza failed to reimburse Plaintiff Walling and the Rule 23 California Class Members for these business expenses.

15.    Under California law, Plaza is required to pay Rule 23 California Class Members their final wages immediately upon termination, or within 72 hours of voluntarily leaving employment. *See* Cal. Lab. Code §§ 201-203. As alleged above, Rule 23 California Class Members worked hours for which they were not properly paid and were therefore not paid all wages due upon separation. Accordingly, Rule 23 California Class Members, who are former employees, are entitled to waiting-time penalties. *Id*.

16.    Under California law, Plaza's violations of the FLSA and aforementioned California Labor Codes constitutes a violation of the UCL.

III.    **JURISDICTION AND VENUE**

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because one of the causes of action arises under the laws of the United States.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

18.    Venue is proper in this district under 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs, the FLSA Collective Members and Rule 23 Class Members occurred within this District.

19.    At all relevant times, Plaintiff Walling has been a resident of San Diego, California and performed work for Plaza within the state of California.

20.    At all relevant times, Plaintiff Haluzcak has been a resident of Saint Charles, Illinois and performed work for Plaza within the state of Illinois.

21.    At all relevant times, Plaintiff Smith has been a resident of Fort Worth, Texas and performed work for Plaza within the state of Texas.

22.    Plaza is headquartered at 9808 Scranton Road, Suite 3000, San Diego, California 92121.

23.    Plaza regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

24.    Plaintiffs, the FLSA Collective Members and Rule 23 Class Members in their work for Plaza were employed by an enterprise engaged in commerce with annual gross sales of at least $500,000.

## IV.    **PARTIES**

25.    At all times material to the matters alleged in this Complaint, Plaintiffs were employees of Plaza.

26.    Plaintiff Walling was a full-time non-exempt employee of Plaza who worked as an Account Executive from approximately March 25, 2024 to August 8, 2024.

27.    Plaintiff Haluczak was a full-time non-exempt employee of Plaza who worked as an Account Executive from approximately December 11, 2023 to August 9, 2024.

28.    Plaintiff Smith was a full-time non-exempt employee of Plaza who

**COLLECTIVE AND CLASS ACTION COMPLAINT**

worked as an Account Executive from approximately February 23, 2024 to August 8, 2024.

29.    The FLSA Collective Members are all current and former Account Executives or employees in Covered Positions who worked for Plaza in the United States at any point in the three years preceding the filing of this Complaint up to the present.

30.    The Rule 23 Illinois Class Members are all current and former Account Executives or employees in Covered Positions who worked for Plaza in the state of Illinois at any point in the three years preceding the filing of this Complaint up to the present.

31.    The Rule 23 California Class Members are all current and former Account Executives or employees in Covered Positions who worked for Plaza in the state of California at any point in the four years preceding the filing of this Complaint up to the present.

32.    The FLSA Collective Members and Rule 23 Class Members are non-exempt employees and therefore entitled to overtime under the FLSA, Illinois law and California law.

33.    At all material times, Plaza is a California corporation duly licensed to transact business in the State of California, and is headquartered in San Diego, California.

34.    Under the FLSA, Illinois law and California law, Plaza is an employer. At all relevant times, Plaza had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Plaza. As a person who acted in the interest of Plaza in relation to the company's employees, Plaza is subject to liability under the FLSA, Illinois law and California law.

COLLECTIVE AND CLASS ACTION COMPLAINT

35.    At all material times, Plaintiffs, the FLSA Collective Members, and Rule 23 Class Members were employees of Plaza as defined by Illinois law and California law. *See* 29 U.S.C. § 203(e)(1).

36.    At all material times, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

37.    Plaintiff Walling has given her written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit A**.

38.    Plaintiff Haluczak has given her written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit B**.

39.    Plaintiff Smith has given his written consent to be a named party in this action under 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as **Exhibit C**.

40.    The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants named in this action as DOES 1 through 10 inclusive are presently unknown to Plaintiffs, who therefore sue such defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiffs, the FLSA Collective Members and Rule 23 Class Members for the events, happenings, and damages set forth below.

41.    Plaintiffs are informed and believe, and based thereon allege, that at all relevant times mentioned herein, Defendants acted as agents, employees, supervisors, partners, conspirators, servants and/or joint venturers of each other, and in doing the acts hereafter alleged, were acting within the course, scope, and authority of such agency, employment, partnership, conspiracy, enterprise and/or

**COLLECTIVE AND CLASS ACTION COMPLAINT**

joint venture, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants.

## V.    **FACTUAL ALLEGATIONS**

42.    Plaza is a Wholesale and Correspondent mortgage lender, which operates in all 50 states, and maintains a national footprint and employs Account Executives and other employees in the Covered Positions, such as Plaintiffs, the FLSA Collective, Illinois Class and California Class, serving clients from coast to coast.[3]

43.    The FLSA Collective Members are all current and former Account Executives who worked for Plaza in the United States at any point in the three years preceding the filing of this Complaint to the present. The FLSA Collective Members are non-exempt from the FLSA's overtime requirements.

44.    The Rule 23 California Class Members are all current and former Account Executives who worked for Plaza in California at any point in the four years preceding the filing of this Complaint to the present. The Rule 23 California Class Members are non-exempt from California's overtime requirements.

45.    The Rule 23 Illinois Class Members are all current and former Account Executives who worked for Plaza in Illinois at any point in the three years preceding the filing of this Complaint to the present. The Rule 23 Illinois Class Members are non-exempt from Illinois' overtime requirements.

46.    Plaintiffs worked for Plaza as Account Executives, where they maintained a list of duties including, but not limited to, soliciting new brokers, answering client questions and responding to loan status inquiries, and interacting with clients' accounts daily, which included physical visits, virtual meetings and telephone calls with clients during the workweek. In addition, Account

---

[3] *See* https://plazahomemortgage.com/aboutus/ (last visited Sept. 17, 2024).

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Executives create marketing materials, and conduct onsite inspections of clients' premises, and gather all applicable financial documents and licenses for senior management to progress a client's loan. At all relevant times, Plaintiff Walling worked remotely from her residence in San Diego, California, Plaintiff Haluczak worked remotely from her residence in Saint Charles, Illinois, and Plaintiff Smith worked remotely from his residence in Fort Worth, Texas. The FLSA Collective Members and the Rule 23 Class Members similarly work remotely by accessing Plaza's intranet portal and conducting work on its servers, and through using their personal cell phones.

47.    At all relevant times, Plaintiffs were non-exempt hourly employees. At all relevant times, Plaintiff Walling earned approximately $16.85 per hour, plus nondiscretionary bonuses and commissions, and Plaintiff Haluczak earned approximately $15.50 per hour, plus nondiscretionary bonuses and commissions and Plaintiff Smith earned approximately $15.75 per hour, plus nondiscretionary bonuses and commissions.

48.    At all relevant times, Plaintiffs worked more than 8 hours per day and more than 40 per week.

49.    During every workweek, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members were non-exempt employees paid on an hourly basis.

50.    Plaintiffs, the FLSA Collective Members, and Rule 23 Class Members perform their duties for Plaza remotely. As part of this design, Plaza requires Plaintiffs, the FLSA Collective Members and Rule 23 Class Members to use computer equipment, high-speed internet and their mobile phones from their homes. Plaintiffs, the FLSA Collective Members and Rule 23 Class Members must turn on their computers and log on Plaza's intranet site to perform their job functions for Plaza.

51.    At all relative times, Plaintiffs, the FLSA Collective Members and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Rule 23 Class Members have been subject to Plaza's policy of requiring them to spend time working before clocking in at the beginning of their shifts and after clocking out at the end of their shifts without compensation, including working through their meal periods.

52.    Specifically, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members must log into Plaza's intranet portal to access the necessary software and applications before "clocking in." In addition, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members are required to spend time booting up their computers and "logging in" or "signing in" several apps or software before "clocking in" for the beginning of their scheduled shifts on the UKG application. As a result, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members are required to perform pre-shift work for which they are not being compensated. Moreover, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members are required to "clock out" at the end of their scheduled shifts before "logging off" or "signing off" their apps or software, signing off of Plaza's intranet portal and shutting down their computers. As a result, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members are required to perform post-shift work for which they are not being compensated.

53.    As a result of merely pre- and post-shift boot-up and logoff work, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members typically spend at least 10-30 minutes or more each shift that goes completely uncompensated, whether at a regular rate of pay or an overtime rate of pay. In addition, and as a result of the pre- and post-shift work, Plaintiffs, the FLSA Collective Members and Rule 23 Illinois Class Members are working more than 40 hours in a week for which they are not being paid overtime, and Plaintiff Walling and Rule 23 California Class Members are working more than 8-hours in a day and/or 40-hours in a week for which they are not being paid overtime. In all

**COLLECTIVE AND CLASS ACTION COMPLAINT**

instances, Plaza's failure to compensate Plaintiffs, the FLSA Collective Members and Rule 23 Class Members for such time violates the minimum wage provisions of the FLSA, Illinois law and California law. In all instances wherein Plaintiffs, the FLSA Collective Members and Rule 23 Class Members work over 40 hours in a workweek or 8 hours in a day (for Rule 23 California Class Members), Plaza's failure to compensate Plaintiffs and the FLSA Collective Members for such time violates the overtime provisions of the FLSA, and for Rule 23 Class Members, violates the overtime provisions of Illinois law and/or California law. *See, e.g., Landers v. Quality Communications, Inc*., 771 F.3d 638, 644-645 (9th Cir. 2014) ("We agree with our sister circuits that in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."). In all instances wherein Plaintiffs, the FLSA Collective Members and Rule 23 Class Members worked, but not over 40 hours in a workweek (and 8 hours in a day for Rule 23 California Class Members), Plaza's failure to compensate Plaintiffs and the FLSA Collective Members for such time violates the minimum wage provisions of the FLSA, and for Rule 23 Class Members violates the minimum wage provisions of Illinois law and California law.

54.    The primary job function of Plaintiffs, the FLSA Collective Members and Rule 23 Class Members is managing client loan accounts, which includes answering client questions and responding to loan status inquiries, making physical visits, setting virtual meetings and making telephone calls with clients, amounting to approximately 40 telephone calls per day. Naturally, these calls go beyond their allotted time, but Plaintiffs, the FLSA Collective Members and Rule 23 Class Members are prohibited, or are at least highly discouraged, from reflecting actual hours worked and if they reflect more than 8 hours in a day

**COLLECTIVE AND CLASS ACTION COMPLAINT**

or more than 40 hours in a week, they are instructed by their managers to "correct" their time records of the managers would "correct" their time to reflect only 8 hour days or 40 hour weeks. In addition, Plaintiffs, the FLSA Collective Members and Rule 23 Class Members cannot take one or more of their scheduled 10-minute breaks and therefore must work through their 10-minute breaks. Plaintiff Walling and Rule 23 California Class Members are prohibited from adding the missed break to total hours worked during a shift, and as a result, are not being compensated for all hours worked.

55. Plaza employed Plaintiff Walling and Rule 23 California Class Members for work periods of more than 5 and 10 hours a day, entitling them to first and second meal periods of at least 30 minutes each. Plaza, however, failed to provide Plaintiff Walling and Rule 23 California Class Members duty-free, uninterrupted meal periods of at least 30 minutes for every five hours worked. However, it was Plaza's widespread practice to require all employees who did not take a compliant meal period, including Plaintiff Walling and members of the and California Class, to record a meal break taken. As a result, Plaintiff Walling and California Class Members missed their meal periods, worked through their meal periods, the meal periods were interrupted, cut short, or were taken late, but a large portion of employee timecards will read a "perfect" 30-minute meal period, which were recorded after the shifts in an effort to avoid premium payments for noncompliant meal periods. By failing to provide Plaintiff Walling and California Class Members with 30-minute, off-duty, compliant meal breaks for every five hours worked, Plaza owes Plaintiff Walling and California Class Members premium wages (at their regular rate of pay) for these meal period violations.

56. Plaza employed Plaintiff Walling and California Class Members for work periods of four hours or more without rest periods of at least 10 minutes of rest time for every four hours worked, or major fraction thereof. In addition, the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

rest breaks were regularly interrupted, less than 10 minutes, and/or on duty. By failing to provide Plaintiff Walling and California Class Members with 10-minute, off duty, compliant rest breaks for every four hours worked or major fraction thereof, Plaza owes Plaintiff and California Class Members premium wages (at their regular rate of pay) for these rest period violations.

57.    By failing to provide Plaintiff Walling and California Class Members wage statements showing all hours worked, all wages earned, including meal-and-rest premiums for meal and rest period violations, and the correct hourly rates for each hour worked, Plaza knowingly and intentionally violated California Labor Code §§ 226, 1174(d), 1198 and Wage Order No. 4. *See also Naranjo, supra,* 15 Cal.5th 93.

58.    Plaza requires Plaintiffs, the FLSA Collective Members and Class Members to supply their own highspeed internet service and personal cell phones. However, Plaza fails to reimburse Plaintiffs, the FLSA Collective Members and Class Members for such required equipment and internet service. As such, Plaza has violated the overtime provisions of the FLSA through unlawful kickbacks and section 2802 of the California Labor Code.

59.    Plaza failed to pay Rule 23 California Class Members all wages due to them immediately upon termination, or within 72 hours of voluntarily leaving employment. Thus, Plaza violated California Labor Code §§ 201-203.

60.    On information and belief, Plaintiffs allege that Plaza applied the same policies described above to all other members of the proposed Rule 23 California Class. As alleged below, these uniform policies, practices and procedures violated California's labor laws and therefore constitute unfair, fraudulent or illegal business practices under California Business & Professions Code § 17200, *et seq*.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## V.    FLSA COLLECTIVE DEFINITION AND ALLEGATIONS

61.    Plaintiffs bring the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiffs bring the FLSA action on behalf of themselves and all members of the FLSA Collective, comprised of:

> All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Account Executive" and all other similar nomenclature performing substantially identical functions and/or duties, currently or formerly employed by Plaza in the United States from three years prior to the filing of this Complaint to the present.

62.    Plaintiffs and the members of the FLSA Collective are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Plaza's common practice, policy, or scheme of willfully and unlawfully deducting business losses and shortages from the Account Executives' wages, and forcing them to work off the clock so that they will not earn minimum wage, incur a draw, or earn overtime.

63.    The First Claim for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiffs are similar to the claims of the members of the FLSA Collective.

64.    The names, addresses and telephone numbers of the members of the FLSA Collective are available from Plaza, and notice should be provided to the members of the FLSA Collective via first class mail to their last address known as soon as possible

65.    Plaintiffs seek to recover damages for the FLSA Collective for the three years prior to the filing of this Complaint through the present.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## VI.    CALIFORNIA CLASS DEFINITIONS AND RULE 23 ALLEGATIONS

66.    Plaintiff Walling brings the Second through Eighth Claims for Relief for violation of California's labor laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). California Plaintiff brings these claims on behalf of themselves and all members of the following class (the "California Class") comprised of:

### A.    California Class

All California-based individuals in positions, job titles, job codes, job classifications, or job descriptions of "Account Executive" and all other similar nomenclature performing substantially identical functions and/or duties currently or formerly employed by Plaza from four years before the filing of this Complaint to the present.

### B.    California Subclasses

In the alternative, and for the convenience of the Court and the parties, Plaintiff Walling may seek to certify the following subclasses at the time the motion for class certification is filed:

#### 1.    California Minimum Wage Subclass

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who worked at least one shift less than eight (8) hours in a workday and/or worked less than forty (40) hours during the workweek.

#### 2.    California Overtime Subclass

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who worked at least one shift longer than eight (8) hours in a workday and/or worked more than

**COLLECTIVE AND CLASS ACTION COMPLAINT**

forty (40) hours during the workweek.

3.     **California Meal Period Subclass**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who worked at least one shift longer than five (5) hours in a workday and/or who worked at least one shift longer than ten (10) hours in a workday.

4.     **California Rest Period Subclass**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who worked at least one shift longer than three and a half (3.5) hours in a workday.

5.     **California Wage Statement Subclass**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who received at least one wage statement from Defendants within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

6.     **California Unreimbursed Expenses Subclass**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, who incurred necessary business expenses in the performance of their job duties.

7.     **California Termination Pay Subclass.**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California Class Period, who separated employment with Plaza at any point during the period beginning three (3) years prior to the filing of this action.

       8.    **California UCL Subclass.**

All current and former non-exempt, hourly-paid class members employed by Plaza in California during the California Class Period, regarding whom Plaza has engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200, *et. seq.* as specifically described herein.

67.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the California Class or Subclasses. In any event, Plaintiffs reserve the right to amend class definitions under Rule 23, and will formally define and designate a class definition at such time when Plaintiffs seek to certify the California Class and Subclasses alleged herein.

68.    Plaintiffs seek to recover damages for the California Class and Subclasses for the four years prior to this filing through the present.

    **C.**    **Rule 23 Allegations**

       **1.**    **Numerosity (Rule 23(a)(1)).**

69.    The potential quantity of members of the proposed California Class or Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical. Plaintiff Walling is informed and believes that the total number of current and formerly employed members of the California Class or Subclasses number in the hundreds. The quantity and identity of such membership is readily ascertainable via inspection of Plaza's employment and payroll records.

       **2.**    **Existence of Common Questions of Law and Fact (Rule**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**23(a)(2)).**

70.     There are common questions of law and fact as to the members of the California Class or Subclasses which predominate over questions affecting only individual members which include, but are not limited to, the following:

a.     Whether Plaza failed to pay members of the California Class for all hours worked, whether at the proper regular or overtime rate, in violation of California Labor Code § 1194;

b.     Whether Plaza violated Labor Code section 226.7 and the IWC Wage Orders, and Cal. Code Regs., by failing to authorize and permit uninterrupted 30-minute meal breaks for every five hours worked and failing to compensate said employees one (1) hour's wages at the proper regular rate in lieu of meal periods in violation of California Labor Code § 226.7;

c.     Whether Plaza violated Labor Code section 226.7 and the IWC Wage Orders, and Cal. Code Regs., by failing to authorize and permit all daily ten (10) minute rest periods to non-exempt employees for every three and a half (3.5) hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

d.     Whether Plaza failed to keep accurate records of all hours worked and wages earned by members of the California Class;

e.     Whether Plaza failed to reimburse necessary business expenses incurred by members of the California Class in violation of California Labor Code § 2802;

f.     Whether Plaza failed to pay members of the California all wages due upon separation of employment in violation of Labor Code § 203;

g.     Whether Plaza's illegal conduct as alleged above constitutes an unfair competition, unfair business practice and/or a deceptive business practice within the meaning of California Business & Professions Code § 17200, *et seq.*;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

h.    Whether Plaintiff Walling and the California Class Members are entitled to equitable relief pursuant to Business and Professions Code § 17200, *et seq.*;

i.    Whether the members of the California Class are entitled to compensatory damages, and if so, the means of measuring such damages;

j.    Whether the members of the California Class are entitled to injunctive relief;

k.    Whether the members of the California Class are entitled to restitution; and

l.    Whether Plaza is liable to members of the California Class for attorneys' fees and costs.

### 3.    Typicality (Rule 23(a)(3)).

71.    The claims of the California Plaintiff is typical of the claims of all members of the California Class or Subclasses she seeks to represent because all members of the California Class sustained injuries and damages arising out of Plaza's common scheme to maximize profits by keeping Account Executives from receiving all funds owed to them.

### 4.    Adequacy (Rule 23(a)(4)).

72.    California Plaintiff is an adequate representative of the proposed California Class or Subclasses she seeks to represent because she will fairly protect the interests of the members of the California Class, she has no interests antagonistic to the members of the California Class, and she will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

### 5.    Injunctive And Declaratory Relief (Rule 23(b)(2)).

73.    Class certification of the Second through Eighth Claims for Relief is appropriate pursuant to Rule 23(b)(2) because Plaza has acted or refused to act on

**COLLECTIVE AND CLASS ACTION COMPLAINT**

grounds generally applicable to the members of the California Class or Subclasses, so that final injunctive relief as requested herein is appropriate respecting the California Class or Subclasses as a whole.

### 6. Predominance And Superiority of Class Action (Rule 23(b)(3)).

74.    The nature of this action and the nature of the laws available to members of the California Class or Subclasses make the use of the class action format particularly efficient and the appropriate procedure to afford relief to them for the wrongs alleged herein, for the following reasons:

a.    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

b.    This case involves a large number of individual class members with many relatively small claims. If each individual member was required to file an individual lawsuit, Plaza would necessarily gain an unconscionable advantage because it would be able to exploit and overwhelm the limited resources of each individual class member with its vastly superior financial and legal resources;

c.    Requiring each individual member to pursue an individual remedy would also discourage the assertion of lawful claims by class members, who would be disinclined to pursue action against Plaza because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

d.    Proof of a common business practice to maximize profits through blocking Account Executives from receiving all pay earned will provide the common proof to establish liability against Plaza;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

     e.     Absent class treatment, the prosecution of separate actions by the individual members of the California Class, even if possible, would likely create:

     i)     a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

     ii)     a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

     iii)     inconsistent or varying verdicts or adjudications; and

     iv)     potentially incompatible standards of conduct for Plaza.

     f.     The claims of the individual members of the California Class or Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

     g.     Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

     h.     Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

75.     Finally, adjudicating this action on a class basis is appropriate because liability turns on Plaza's own uniform and systematic scheme to maximize profits by depriving its Account Executives of wages by, among other things in order to avoid pay for all hours worked. Class-wide liability can be determined through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and Plaza's common policies and practices. Once liability is determined, the damages suffered by each member can also be determined by the same common proof.

76.     Plaintiff Walling does not contemplate class notice if the California

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Class or Subclasses are certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class or Subclasses may be accomplished through publication, or other forms of distribution, if necessary, if the California Class or Subclasses are certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required. Plaintiff Walling will, if notice is so required, confer with Plaza and seek to present the Court with a stipulation and proposed order on the details of a class notice program.

## VII.   ILLINOIS CLASS DEFINITIONS AND RULE 23 ALLEGATIONS

77.   Illinois Plaintiffs bring the Ninth and Tenth Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Illinois Plaintiff brings these claims on behalf of herself and all members of the following class (the "Illinois Class") comprised of:

**A.   Illinois Class**

All Illinois-based individuals in positions, job titles, job codes, job classifications, or job descriptions of "Account Executive" and all other similar nomenclature performing substantially identical functions and/or duties currently or formerly employed by Plaza from three years before the filing of this Complaint to the present.

**B.   Illinois Subclasses**

In the alternative, and for the convenience of the Court and the parties, Illinois Plaintiff may seek to certify the following subclasses at the time the motion for class certification is filed:

**1.   Illinois Minimum Wage Subclass**

All Members of the Illinois Class who Plaza failed to pay the Illinois minimum wage for each hour worked during the Illinois Class Period.

**2.   Illinois Overtime Subclass**

COLLECTIVE AND CLASS ACTION COMPLAINT

> All current and former non-exempt, hourly-paid class members employed by Defendant in Illinois during the Illinois Class Period, who worked at least one shift of more than forty (40) hours during the workweek.

**C.    Rule 23 Allegations**

**1.    Numerosity (Rule 23(a)(1)).**

78.    The Illinois Class and Subclasses are so numerous that joinder of all members is impracticable. Illinois Plaintiff is informed and believes, and on that basis alleges, that Plaza employed hundreds of persons who satisfy the definition of the Illinois Class or Subclasses.

**2.    Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

79.    Common questions of law and fact exist as to the Illinois Plaintiff and members of the Illinois Class or Subclasses including, but not limited to, the following:

a.    Whether Plaza violated the Illinois Minimum Wage Law ("IMWL") 820 ILCSv105/1, *et seq.* by failing to compensate all employees during the relevant time period for all hours worked at their proper, regular hourly rate;

b.    Whether Plaza violated the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq.* by failing to compensate all employees during the relevant time period for all hours worked at their proper hourly overtime rate;

c.    Whether Plaza unlawfully failed to keep and maintain accurate records of the hours worked by members of the Illinois Class or Subclasses as required by applicable law; and

d.    The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class or Subclasses.

**3.    Typicality (Rule 23(a)(3)).**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

80.    Illinois Plaintiff's claims are typical of the members of the Illinois Class' or Subclasses' claims. Plaintiff Haluczak, like other members of the Illinois Class or Subclasses, was subjected to Plaza's illegal scheme to maximize profits by depriving Account Executives of the basic minimum wage and overtime compensation.

### 4.    Adequacy (Rule 23(a)(4)).

81.    Plaintiff Haluczak will fairly and adequately represent and protect the interests of the members of the Illinois Class or Subclasses. Plaintiff Haluczak retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### 5.    Injunctive And Declaratory Relief (Rule 23(b)(2)).

82.    Class certification of the Ninth and Tenth Claims for Relief is appropriate pursuant to Rule 23(b)(2) because Plaza acted or refused to act on grounds generally applicable to the members of the Illinois Class or Subclasses, making appropriate declaratory relief with respect to the members of the Illinois Class or Subclasses as a whole.

### 6.    Predominance And Superiority of Class Action (Rule 23(b)(3)).

83.    Class certification of the Ninth and Tenth Claims for Relief is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class or Subclasses predominate over any questions affecting only individual members of those classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Plaza's common and uniform policies and practices illegally deprived all Account Executives of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials.  The damages suffered by individual members of the Illinois Class

**COLLECTIVE AND CLASS ACTION COMPLAINT**

or Subclasses are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Plaza's practices.

84.    Plaintiff Haluczak intends to send notice to all members of the Illinois Class or Subclasses to the extent required by Rule 23.

## VII.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES, AND ILLEGAL DEDUCTION OF BUSINESS COSTS AND LOSSES FROM WAGES

**[29 U.S.C. §§ 201, 206, *et seq.*; 29 C.F.R. § 531.35, *et seq.*]**

**(All Plaintiffs and FLSA Collective)**

**(Against All Defendants)**

85.    Plaintiffs reallege and incorporate by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

86.    At all relevant times, Plaza was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Plaza employed "employee[s]," including Plaintiffs and each member of the FLSA Collective. At all relevant times, Plaza had gross operating revenues in excess of $500,000. Attached hereto as Exhibits A-C are the Consent to Join Forms signed by Plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

87.    The FLSA is the nation's basic law governing wages and hours of work, sets the minimum wage and contains standards as to when employers must pay overtime. Code of Federal Regulations § 531.35 provides that employers must

**COLLECTIVE AND CLASS ACTION COMPLAINT**

pay all statutorily-required minimum wage and overtime premium finally and unconditionally, or "free and clear." The FLSA requires each covered employer such as Plaza, to compensate all non-exempt employees at a rate of not less than the federal minimum wage during the FLSA Collective Period. The FLSA also requires each covered employer, such as Plaza, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

88.    As set forth in detail above, Plaza engaged in a common practice or scheme to maximize profits by requiring FLSA Collective Members to work pre- and post-shift hours without proper compensation. Thus, the wages of FLSA Collective Members were not only diluted by Plaza shifting its costs to FLSA Collective Members, but FLSA Collective Members were not paid for all hours worked, including overtime.

89.    Plaza is a large corporation and should have known the requirements of the FLSA or, at least through reasonable research or investigation or communication with their corporate counsel or legal department, that its pay practices violated the FLSA. Plaza clearly has the resources to determine whether it is in compliance with the FLSA, but continued the illegal scheme due to profits, instead of considering the welfare of its employees. That is, Plaza made a rational decision, based on a cost/benefit analysis, that it was more profitable to continue with the scheme, instead of changing the scheme to comply with the law. Therefore, Plaza willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief it was in compliance with the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the 29 U.S.C. § 255(a).

90.    By failing to pay Plaintiffs, and the members of the FLSA Collective, at a rate not less than the minimum wage, Plaza violated the FLSA,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

29 U.S.C. § 206. By failing to compensate Plaintiffs, and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Plaza violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the members of the FLSA Collective, Plaza failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

91.    Plaintiffs and the members of the FLSA Collective are entitled to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

**FAILURE TO PAY MINIMUM WAGES**

**[California Labor Code § 1194]**

**(Plaintiff Walling and California Class)**

**(Against All Defendants)**

92.    Plaintiff Walling realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

93.    In addition to the FLSA, Plaintiff Walling seeks to represent the proposed Rule 23 California Class or California Minimum Wage Subclass as a basis to enforce equal or greater protections for wages owed that are offered by various State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Class in a legally identical way, Plaintiff Walling, at the appropriate time will move to certify the Rule 23

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California Class and/or California Minimum Wage Subclass to the extent permitted by Rule 23.

94.     Plaintiff Walling brings these claims under California Labor Code §§ 1194, 1197, 1197.1 and the applicable IWC Wage Orders, as amended.

95.     California Labor Code sections 1194, 1197, 1197.1 and applicable Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

96.     Plaza did not and do not compensate California Class Members for time spent off-the-clock during their boot-up and boot-down time, nor for time spent working while clocked out during lunch or after hours responding to calls, texts, emails and other work-related inquiries. This work was known or should have been known by Plaza as management are and were requesting specific work duties be performed off-the-clock and management received the work-related communications while Plaintiff Walling and California Class Members were off-the-clock.

97.     As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and the applicable Industrial Welfare Commission Wage Order, for failure to pay minimum wage, Plaza is liable for attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698, *et seq.* and other relief.

98.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained

**COLLECTIVE AND CLASS ACTION COMPLAINT**

directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

99.    Plaza, has also intentionally and improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring off-the-clock work, requiring work to be performed while on breaks, and by not properly paying employees all regular and/or overtime hours they worked and reported, and imposed difficult to attain job and scheduling requirements on Plaintiff Walling and the California Class Members. This resulted in an underpayment of wages to employees over a period of time while benefitting Plaza.

100.    During the relevant time period, Plaintiff Walling and the California Class Members were not fully paid for all the hours they worked as a result of Plaza's above-described policies and practices. Therefore, Plaintiff Walling and the California Class Members were not properly paid for all work performed.

101.    During the relevant time period, Plaza willfully failed to pay all wages owed to Plaintiff Walling and the California Class Members.

102.    Labor Code section 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code section 558(c) states, "the civil penalties provided for in this section are in

**COLLECTIVE AND CLASS ACTION COMPLAINT**

addition to any other civil or criminal penalty provided by law."

103.   Plaza has violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff Walling and the California Class Members seek the remedies set forth in Labor Code section 558.

104.   Upon information and belief, Plaintiff Walling alleges that Plaza's policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders. Pursuant to Labor Code section 1194, Plaintiff Walling and the California Class Members are entitled to recover their unpaid wages owed, as well as interest, costs and attorney's fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**[California Labor Code §§ 510, 1194, and 1198]**

**(Plaintiff Walling and California Class)**

**(Against All Defendants)**

105.   Plaintiff Walling realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

106.   In addition to the FLSA, Plaintiff Walling seeks to represent the proposed California Class or California Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by State labor laws and local regulations as set forth above, for the California Class. Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Class in a legally identical way, Plaintiff Walling, at the appropriate time will move to certify the California Class or California Overtime Subclass to the extent permitted by Rule 23.

107.   California Labor Code section 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation

**COLLECTIVE AND CLASS ACTION COMPLAINT**

applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

108.   Employees in California shall not be employed more than eight (8) hours in any workday, and/or more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law. More specifically, Labor Code section 510 codifies the right to overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week.

109.   California Labor Code section 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

110.   At all times relevant hereto, the Labor Code requirements and paragraph 3 of the applicable IWC Wage Orders also provide for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

111.   Plaza has intentionally and improperly avoided payment of overtime wages in violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above. Plaza also violated

**COLLECTIVE AND CLASS ACTION COMPLAINT**

these provisions by requiring Plaintiff Walling and other similarly situated non-exempt employees to work through meal periods when they were required to be clocked out. Plaza has also intentionally and improperly rounded, changed, adjusted and/or modified the hours of California Class Members, which has resulted in an underpayment of wages to employees over a period of time while benefiting Plaza.

112.   At all times relevant hereto, Plaintiff Walling and California Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Plaza. During the relevant time period, Plaintiff Walling and California Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week as a result of Plaza's above-described policies and practices. In addition to the other overtime payments, Plaza failed to compensate Plaintiff Walling and the California Class Members for work performed off-the-clock at their proper overtime rate.

113.   Therefore, Plaintiff Walling and California Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code §§ 1194, 1197 and 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections.

114.   On information and belief, Plaintiff Walling and the California Class Members allege that Plaza followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off-the-clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

115.   As a result of Plaza's failure to pay overtime pay throughout California Class Members' employment, Plaza intentionally failed to provide

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California Class Members with all earned wages earned by and owed to them during the corresponding pay periods. Plaza willfully violated the provisions of Labor Code § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay the California Class the overtime pay that California Class Members were due.

116.   By virtue of the Plaza's unlawful failure to provide overtime pay to Plaintiff Walling and the California Class Members, Plaintiff Walling and California Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

117.   As a result of Plaza's failure to pay overtime pay throughout the Class Members' employment, Plaintiff Walling and California Class Members were deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, for Plaza's violations of Labor Code § 510, and applicable IWC Wage Order provisions.

118.   Plaintiff Walling, on behalf of members of the California Class and Sub-Classes, requests recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and costs pursuant to Labor Code § 1194(a), as well as the assessment of any statutory penalties against Plaza.

119.   Plaza is entitled to any and all additional sums as provided by the Labor Code and/or other statutes.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL OR REST BREAKS OR
### PREMIUMS IN LIEU THEREOF
### [California Labor Code §§ 226.7 and 512]

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**(Plaintiff Walling and California Class)**

**(Against All Defendants)**

120.   Plaintiff Walling realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

121.   California Labor Code §226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

122.   California Labor Code § 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

123.   California Labor Code § 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

124.   Section 11(A) of the IWC Wage Order(s) provides that "[u]nless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

**COLLECTIVE AND CLASS ACTION COMPLAINT**

125.    Section 11(B) of the IWC Wage Order(s) provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

126.    The members of the California Class or California Meal Period Subclass consistently worked over five hours per shift and therefore were entitled to a meal period of not less than 30 minutes prior to exceeding five hours of employment. The members of the California Class or California Meal Period Subclass did not waive their meal periods, by mutual consent with Plaza or otherwise. The members of the California Class or California Meal Period Subclass did not enter into any written agreement with Plaza agreeing to an on-the-job paid meal period.

127.    Similarly, Plaintiff Walling and members of the California Class or California Rest Period Subclass were entitled to be authorized and permitted paid, duty-free, uninterrupted 10-minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

128.    Plaza failed to comply with the required meal periods and rest periods established by California Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order. Indeed, Plaza has no policy or procedure to provide the members of the California Class or California Meal Period Subclass with a legal meal period and as such impeded, discouraged and/or dissuaded the members of the California Class and California Meal Period Subclass from taking legal meal periods. Plaza also did not have a policy or procedure to provide, authorize or permit compliant rest periods, nor did it pay a

**COLLECTIVE AND CLASS ACTION COMPLAINT**

"premium wage" for missed, short, late or interrupted rest periods.

129.   Further, Plaza knew or should have known that the members of the California Meal Period Subclass and/or the Rest Period Subclass were working during their meal periods and/or rest periods but Plaza did not take steps to address the situation. Therefore, the members of the California Class or California Meal Period and Rest Period Subclasses were effectively deprived of their legally requisite meal and rest periods.

130.   Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage Order and California Labor Code § 226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the California Class or California Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

131.   Pursuant to California Labor Code § 218.6 and Civil Code § 3287, the members of the California Class or California Meal Period and Rest Period Subclasses seek recovery of prejudgment interest on all amounts recovered herein.

132.   California law limits the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay for each employee at their respective regular rate of pay for any hour of pay for each employee at their respective regular rate of pay for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of

two premium wages payment per employee per day.

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE, ITEMIZED WAGE STATEMENTS

### [California Labor Code §§ 226, 1174, and 1174.5]

### (Plaintiff Walling and California Class)

### (Against All Defendants)

133.  Plaintiff Walling realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

134.  Plaza knowingly and intentionally failed to provide accurate, itemized wage statements including, *inter alia*, total hours worked and applicable hourly rates for each hour worked, to Plaintiff Walling and the members of the California Class or California Wage Statement Subclass in accordance with California Labor Code § 226(a) and applicable IWC Wage Order.

135.  California Labor Code § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) *total hours worked by the employee* … (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid …, and (9) *all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee* … The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

**COLLECTIVE AND CLASS ACTION COMPLAINT**

136.   California Labor Code § 226 (e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

137.   California Labor Code § 226 (e)(2)(A) states that "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

138.   California Labor Code § 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).  (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period."

139.   California Labor Code § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

140.   California Labor Code § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

141.   From the outset, Plaza has failed to comply with its obligation to

**COLLECTIVE AND CLASS ACTION COMPLAINT**

keep and maintain accurate records of all the hours worked by California Class Members in violation of the FLSA and California Labor Code § 1174(d). To perpetuate its scheme to confuse and keep California Class Members in the dark as to whether they were being paid properly, Plaza willfully did not include all of "applicable hourly rates … and the corresponding number of hours worked at each hourly rate by the employee." The lack of accurate information provided was necessary to keep California Class Members in the dark. Such failure caused Plaintiff Walling and members of the California Class or California Wage Statement Subclass to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled and precluding them from knowing or determining what deductions were made from their gross wages.

142.   Plaintiff Walling and members of the California Class are entitled to seek injunctive relief requiring Plaza to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, and attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES
### [California Labor Code §§ 2800-2802]
### (Plaintiff Walling and California Class)
### (Against All Defendants)

143.   Plaintiff Walling and the Members of the California Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

144.   Plaintiff Walling and the Members of the California Class are

### COLLECTIVE AND CLASS ACTION COMPLAINT

informed, believe, and based thereon allege that throughout the period applicable, Plaza was required to pay for lawful and necessary work-related expenses incurred by its employees. Plaintiff Walling and the California Class Members were also often required to incur such expenses, including for use of their personal cellular phones and data, in performing their daily job duties and such expenses were necessary for performing those duties. Other expenses may include but are not limited to: (1) higher internet bandwidth; and (2) speedier internet services. Plaintiff Walling and the California Class Members were not reimbursed for those lawful and necessary work-related expenses or losses incurred in direct discharge of their job duties during employment with Plaza and at the direction of Plaza pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders and sections of the California Code of Regulations.

145.  Plaza's knowing and willful failure to reimburse lawful necessary work-related expenses and losses to Plaintiff Walling and the California Class Members resulted in damages because, among other things, Plaza did not inform employees of their right to be reimbursed for those work-related expenses. As Plaza failed to inform and misled Plaintiff Walling and the California Class Members with regard to their rights, Plaintiff Walling and the California Class Members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Plaza and that they would not be reimbursed from this expense because it was company practice to not reimburse for cell phone usage or internet coverage for employees that primarily work from home.

146.  Therefore, Plaintiff Walling and the California Class Members are entitled to reimbursement for any and all necessary work-related expenses, as provided for in Labor Code section 2802(b), incurred during the direct discharge of their duties while employed by Plaza as well as accrued interest on those

**COLLECTIVE AND CLASS ACTION COMPLAINT**

expenses that were not reimbursed from the date Plaintiff Walling and the California Class Members incurred those expenses. Further, Plaintiff Walling and the California Class Members are entitled to costs and attorney's fees pursuant to Labor Code section 2802(c).

## SEVENTH CAUSE OF ACTION

### FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT

### [California Labor Code §§ 201, 202, and 203]

### (Plaintiff Walling and California Class)

### (Against All Defendants)

147.   Plaintiff Walling realleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

148.   California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

149.   All members of the California Class who ceased employment with Plaza are entitled to unpaid compensation, but to date have not received such compensation. More than 30 days have passed since certain members of the California Class left Plaza's employ.

150.   As a consequence of Plaza's willful conduct in not paying compensation for all hours worked, the members of the California Class whose employment ended during the California Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

# EIGHTH CAUSE OF ACTION

## UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES

### [California Business & Professions Code § 17200, *et seq*.]

### (Plaintiff Walling and California Class)

### (Against All Defendants)

151.   Plaintiff Walling realleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

152.   Plaza's failure to pay the minimum wage, all overtime wages for all work performed, failure to pay premium pay premium wages for noncompliant meal and rest periods, and failure to reimburse necessary business expenses, constitutes unlawful activity, acts and practices that are prohibited by California Business & Professions Code § 17200, *et seq*. The actions of Plaza described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of California Business and Professions Code § 17200, *et seq*. Plaza has violated not only the FLSA in regards to minimum wage and overtime, but also multiple provisions of California law and applicable regulations and Orders of the IWC, that have the same force and effect of a violation of law. This includes, without limitation, 29 U.S.C § 201, *et seq.*, and California Labor Code §§ 210-203, 226, 226.7, 558, 1194, 1198, and 2802, which serve as statutory predicates for which restitution and disgorgement are owed by Plaza.

153.   Plaintiff Walling and members of the California Class or California UCL Subclass are entitled to an injunction, restitution, and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

154.   As a result of these unlawful acts, Plaza has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff Walling and the members of the California Class, and the proposed FLSA Class, Plaintiff Walling

**COLLECTIVE AND CLASS ACTION COMPLAINT**

seeks to represent. Plaza should be enjoined from this activity and make restitution for these ill-gotten gains to restore to Plaintiff Walling and the members of the California Class the wrongfully under-reimbursed amounts, underpaid wages and overtime pursuant to California Business and Professions Code § 17203 and specific performance of payment of penalties ordered under Business and Professions Code § 17202.

155.    Plaintiff Walling is informed and believes, and based thereon alleges, that Plaza is unjustly enriched through the acts described above and that she and the proposed California Class have and continue to suffer irreparable prejudice by Plaza's unfair practices. Further, by engaging in such activities, Plaza is illegally operating at an advantage to other law-abiding employers in the State of California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

156.    The illegal conduct alleged herein is continuing, and there is no indication that Plaza will not continue such activity into the future. Plaintiff Walling alleges that if Plaza is not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay all minimum wages, overtime wages, fail to pay premium wages for meal and rest violations, continue to fail to reimburse necessary business expenses, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

157.    Plaintiff Walling will request that the Court issue a preliminary and permanent injunction prohibiting Plaza from continuing to fail to fully pay all appropriate hourly and overtime rates of pay, and all wages due at termination, and requiring Plaza to provide accurate hourly wage statements.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

## [820 ILCS 105/1, *et seq*.]

COLLECTIVE AND CLASS ACTION COMPLAINT

1

2

**(Plaintiff Haluczak and Illinois Class)**

**(Against All Defendants)**

3

4

158.    Plaintiff Haluczak realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

5

6

7

8

9

10

11

12

13

159.    As alleged above, Plaintiff Haluczak and members of the Illinois Class were consistently and uniformly not paid the minimum wage for all the work they performed during the course of their employment with Plaza. Plaza's policy and practice was to force Plaintiff Haluczak and members of the Illinois Class to work off the clock so Plaza would not have to pay them for all hours worked. Plaza's unlawful conduct was neither inadvertent, nor *de minimis*, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff Haluczak and all members of the Illinois Class.

14

15

16

17

18

19

160.    Plaza permitted, consented, and had actual or constructive knowledge Plaintiff Haluczak and members of the Illinois Class were working off the clock because Plaza implemented the policy and practice of requiring employees to work pre and post-shift hours without compensation. This practice led to managers forcing and threatening Plaintiff Haluczak and Illinois Class Members not to reflect all hours worked.

20

21

22

23

24

25

161.    As a result of the foregoing, Plaintiff Haluczak and the members of the Illinois Class have been damaged in an amount to be determined at trial. The IMWL contains a three-year statute of limitations regardless of whether the violation was willful (the "Illinois Class Period).  *See* 820 ILCS 105/12(a). Therefore, Plaintiff Haluczak and members of the Illinois Class are entitled to back wages and attorneys' fees and costs.

26

27

28

## <u>TENTH CAUSE OF ACTION</u>

## VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

### [820 ILCS § 115/1, *et seq*.]

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**(Plaintiff Haluczak and Illinois Class)**

**(Against All Defendants)**

162.    Plaintiff Haluczak realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

163.    Plaintiff Haluczak and members of the Illinois Class were not paid their wages for a significant amount of work for which they expected to be paid and that was performed in the course of their employment with Plaza.

164.    At all relevant times herein, Plaza was "employer[s]" as defined in the IWPCA, 820 ILCS 115/1, *et seq*., and Plaintiff Haluczak and similarly situated persons were "employee[s]" within the meaning of the IWPCA. Plaza was at all times aware of its obligation to pay its hourly employees for all time they worked and is aware of the compensation actually paid to Plaintiff Haluczak and the Illinois Class Members.

165.    Plaza agreed to compensate its employees, including Plaintiff Haluczak and members of the Illinois Class, for all time worked. However, Plaza instituted practices that resulted in its employees working certain time without compensation. Plaintiff Haluczak and members of the Illinois Class were instructed by their supervisors to "punch out," but to continue to work off the clock, or were unknowingly clocked out, or their time was reduced by supervisors. In any event, the result was that Plaza failed to compensate Plaintiff Haluczak and the members of the Illinois Class for all the time they worked, including overtime.

166.    Therefore, Plaintiff Haluczak and the members of the Illinois Class are entitled to unpaid wages, and attorneys' fees and costs.

## VIII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

**ON THE FIRST CAUSE OF ACTION**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

b)    For interest on any compensatory damages;

c)    For conditional certification of the FLSA Collective as defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)    For attorneys' fees and costs.

**ON THE SECOND CAUSE OF ACTION**

a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

b)    For interest on any compensatory damages;

c)    For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)    For attorneys' fees and costs.

**ON THE THIRD CAUSE OF ACTION**

a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

b)    For interest on any compensatory damages;

c)    For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)    For attorneys' fees and costs.

**ON THE FOURTH CAUSE OF ACTION**

a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

b)    For statutory compensation, including one hour of pay for each workday that a lawful rest period was not provided;

c)    For interest on any compensatory damages;

d)    For certification of the Classes defined herein, or such other Classes

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and/or subclasses as the Court will certify; and

e)      For attorneys' fees and costs.

**ON THE FIFTH CAUSE OF ACTION**

a)      For statutory penalties;

b)      For compensatory damages and interest thereon for actual harm caused;

c)      For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)      For attorneys' fees and costs.

**ON THE SIXTH CAUSE OF ACTION**

a)      For statutory penalties;

b)      For penalty enhancements for willful conduct;

c)      For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)      For attorneys' fees and costs.

**ON THE SEVENTH CAUSE OF ACTION**

a)      For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

b)      For penalty enhancements for willful conduct; and

c)      For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify.

**ON THE EIGHTH CAUSE OF ACTION**

a)      For equitable, injunctive and declaratory relief;

b)      Restitution;

c)      For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)      For disgorgement of profits.

**ON THE NINTH CAUSE OF ACTION**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

a)  For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

b)  For interest on any compensatory damages;

c)  For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)  For attorneys' fees and costs.

**ON THE TENTH CAUSE OF ACTION**

a)  For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

b)  For interest on any compensatory damages;

c)  For certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

d)  For attorneys' fees and costs.

**ON ALL CAUSES OF ACTION**

a)  For reasonable attorneys' fees;

b)  For costs of suit; and

c)  For such other and further relief s this Court may deem just and proper.

**IX.    DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury.

Dated: October 7, 2024                    **BELIGAN LAW GROUP, LLP**


By: *_/s/ Leah M. Beligan_____*
LEAH M. BELIGAN
JERUSALEM F. BELIGAN

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1
2
3
4    Dated: October 7, 2024

5
6
7

8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KRING & CHUNG, LLP**

By:  */s/ Jeffrey T. Green*
TYLER D. KRING
JEFFREY T. GREEN

Attorneys for Plaintiffs and Putative Classes

**COLLECTIVE AND CLASS ACTION COMPLAINT**